UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TIMOTHY ASHCRAFT and ASHLEY
ASHCRAFT, on their own behalf and on behalf
of their minor children, A.A., L.A., and I.A.,
                              Plaintiffs,

**ORDER**

v.

19 CV 11568 (VB)

SCOTT GOREN and BECKY
VANDERLOOP,
                              Defendants.
------------------------------------------------------------x

On February 3, 2020, defendants moved to dismiss two counts of the seven-count complaint, as well as plaintiffs' request for punitive damages. (Doc. #15).[1]

Pursuant to paragraph 2.D of the Court's individual practices, ordinarily, upon the filing of a motion to dismiss, the Court would issue an order requiring the non-moving parties to notify the Court whether they intend to (i) amend the complaint to address the moving parties' arguments for dismissal, or (ii) rely on the complaint as filed.

However, it appears to the Court that defendants' motion for partial dismissal may unreasonably delay this action, in contravention of Fed. R. Civ. P. 1, since the motion, if granted, would not resolve plaintiffs' central allegations. For this reason, the Court is inclined to deny without prejudice defendants' motion, direct defendants to answer the complaint, and proceed with discovery. Defendants' arguments would, of course, be preserved for summary judgment or trial.

Before the Court proceeds to deny the instant motion, defendants may, by February 11, 2020, file a letter explaining how, if at all, the scope of discovery in this action would be materially affected if the claims defendants seek to dismiss remain in this case, and how, if at all, defendants would be prejudiced thereby.

Dated: February 4, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1] Defendants seek dismissal of Count Three (gross negligence) and Count Six (intentional infliction of emotional distress) of the complaint, but do not seek dismissal of any other claim, including Count Two (negligence) and Count Seven (negligent infliction of emotional distress).