USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/17/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIMOTHY ASHCRAFT and ASHLEY ASHCRAFT, on their own behalf and on behalf of their minor children, A.A., L.A., and I.A.,

Plaintiffs,

-against-

SCOTT GOREN and BECKY VANDERLOOP,

Defendants.

Case No.: 7:19-cv-11568 (VB)

## STIPULATED PROTECTIVE ORDER
## GOVERNING CONFIDENTIAL MATERIAL

Disclosure and discovery activity in this Action may involve the exchange and production of confidential, medical, and/or personal information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter this Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### NATURE OF PROTECTED INFORMATION

1.  The term "Information" as used herein shall include any document as that term is defined in Local Civil Rule 26.3, including, without limitation, electronic or computerized data compilations, deposition testimony, deposition exhibits, interrogatory responses, responses to request for admission, or any other materials or information disclosed or produced by or on behalf

of a party (or any of its attorney, representatives or other agents), or by or on behalf of a non-party (or any of its attorney, representatives or other agents), and all information derived therefrom.

2. "Confidential Information" includes Information that a party or non-party (the "Producing Party") believes in good faith reflects:

(a) sensitive personal information, including, for example, private details such as social security numbers, financial information, medical records, home address, or personal contact information; or

(b) information the Producing Party is contractually or legally obligated to keep confidential.

**DESIGNATION OF DISCOVERY MATERIALS AS CONFIDENTIAL**

3. Information may be designated as Confidential within the meaning of this Protective Order by any Producing Party, including all parties and any non-parties from whom discovery is sought in the Litigation.

4. The designation of information as Confidential Information for purposes of this Protective Order must be made in the following manner by any Producing Party:

(a) In the case of paper documents (apart from deposition or other pre-trial testimony), designation must be made by affixing the legend "CONFIDENTIAL" (or in the alternative, "CONFIDENTIAL TREATMENT REQUESTED") to each page containing any Confidential Information. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portion(s) using appropriate markings in the margins.

(b) In the case of electronically stored information produced on CD, DVD or other electronic storage medium, the party producing the Confidential Information must affix the legend "CONFIDENTIAL" to such electronic storage medium and to the extent practical, to each

page or unit of material. In the event designation through affixation of the legend "CONFIDENTIAL" is impractical, designation may be made in any manner that is sufficient to notify any receiving party that the Confidential Information has been designated Confidential.

(c) In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) that contains Confidential Information must be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within 10 business days after the receipt of the rough transcript of such proceeding, provided that all testimony, exhibits, and transcripts of depositions or other testimony must be treated as Confidential before such 10-day period has expired. Each court reporter participating in the deposition shall be provided with a copy of this Protective Order and shall adhere to its provisions. Each court reporter must mark the designated portions of such designated deposition transcript(s) with the legend "CONFIDENTIAL" as appropriate, must separately bind those portions of the deposition transcript, and must place on the cover of any such transcript the following legend:

> **THIS TRANSCRIPT CONTAINS INFORMATION DESIGNATED "CONFIDENTIAL" PURSUANT TO AN ORDER OF THE COURT UNDER WHICH THERE ARE PENALTIES FOR IMPROPER USE OR DISCLOSURE.**

The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

5. The parties shall refrain from filing with the Court any documents or information considered Confidential, or disclosing as part of any court filing the content of any documents or information considered Confidential, unless that party either (i) resolves any dispute with the other party regarding the designation or treatment of such documents or information as Confidential prior to filing; (ii) files the document or information or any portion thereof that is considered

3

Confidential, or that discloses the content of any documents or information considered Confidential, with the court under seal with a simultaneous motion to seal such document or information (the "Interim Sealing Motion"), in keeping with all applicable court rules; or (iii) provides 10 days' notice of intent to file documents considered or marked by either party as Confidential.

6.  Even if the filing party believes that materials subject to this Protective Order pursuant to paragraphs 1-3 above are not properly classified as confidential, the filing party shall comply with paragraph 5 above.

7.  A designation of materials as Confidential may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

8.  To the extent any Confidential Information is used in submissions, the information will be redacted from the publicly filed version and afforded the confidentiality protections associated with such proceedings. The unredacted version will be filed with the Court consistent with paragraph 5 above.

## RESTRICTION ON USE OF CONFIDENTIAL INFORMATION

9.  The Parties may use any Confidential Information produced or exchanged during the course of this Litigation solely in connection with the legal pursuit or defense of this Litigation, or any other proceedings involving both the parties to this Action and the subject matter of the Litigation.

10. Confidential Information shall not be used for any other purpose, including, without limitation, any business or commercial purpose, any other arbitration, or any other litigation; provided further, however, that such use will not otherwise constitute a waiver, restriction or abrogation of Plaintiffs' rights and protections hereunder.

11. Nothing herein shall prevent Plaintiffs from disclosing or using its own Confidential Information in any manner or way and such disclosure or use by Plaintiffs will not affect the Defendants' obligations hereunder.

## DISCLOSURE OF CONFIDENTIAL INFORMATION

12. Confidential Information shall not be disclosed by the receiving party to any person or entity except in accordance with the terms of this Protective Order.

13. Confidential Information, except with the prior consent of the Producing Party or upon prior order of this Court, shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, by any party to any person other than the following:

(a) outside counsel of record for parties in the Litigation and regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Protective Order;

(b) subject to Paragraph 14, experts, consultants, and investigators (including their professional staffs) assisting counsel for the parties in the Litigation;

(c) the parties in the Litigation and any agents, current officers, directors, and employees of the parties who are reasonably necessary to assist counsel in the prosecution of this Litigation;

(d) any person identified as an author, addressee, or a copy recipient of the Confidential Information, or any other person who otherwise has or has had lawful possession of the Confidential Information without any violation of this Protective Order;

(e) witnesses, noticed or subpoenaed deponents, and their counsel. Confidential Information may not be disclosed to any witness or deponent unless such witness or

deponent first signs an Exhibit A certification form or, if such witness or deponent refuses to sign a certification form, unless the witness or deponent is provided with a copy of this Protective Order and agrees on the record to be bound by its terms. At the request of any party, the portion of any deposition transcript involving the Confidential Information must be designated Confidential pursuant to Paragraph 4(c). Those witnesses or deponents who are shown Confidential Information may not retain copies. Counsel for any Producing Party or non-party shall have the right to exclude from depositions any person who is not authorized by this Protective Order to receive Confidential Information. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising Information that the person being excluded is not authorized to receive by the Protective Order;

(f) the Court, court personnel, any appellate court having jurisdiction of any appeal of this Litigation, and jurors, potential jurors, or alternate jurors pursuant to Paragraphs 22-24 of this Protective Order;

(g) court reporters and videographers, and their respective staffs, employed in connection with the Litigation;

(h) mediators and any person carrying on an insurance business that may be liable to satisfy part or all of any judgment that may be entered in the Litigation, or to indemnify or reimburse for payments made to satisfy a judgment;

(i) clerical and litigation support personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential Information, to the extent reasonably necessary to assist the persons identified in subparagraph 13(a) with respect to the Litigation; and

(j) any other person only upon order of the Court or upon stipulation of the Producing Party.

6

14. Confidential Information may be provided to persons listed in Paragraph 13(b) to the extent necessary for such expert, consultant, or investigator to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation, provided that such expert, consultant, or investigator may use said Confidential Information solely in connection with the Litigation; and further provided that such expert, consultant or investigator signs an Exhibit A certification form to this Protective Order.

### INADVERTENT PRODUCTION OR DISCLOSURE

15. Failure to designate Confidential Information shall not be deemed a waiver of the Producing Party's claim of confidentiality or other applicable privilege as to such Information or as to the subject matter of such Information, and the Producing Party may thereafter designate such Information as Confidential.

16. A Producing Party's inadvertent failure to designate Information as Confidential may be corrected by supplemental written notice to the undersigned counsel to the parties in the Litigation promptly upon discovery of the inadvertent failure to designate, with the effect that such Confidential Information will thereafter be subject to the protections of this Protective Order. Upon receipt of such a supplemental designation, any receiving party that disclosed the Confidential Information before its designation as Confidential must exercise its best efforts (i) to ensure that any paper or electronic documents summarizing, referencing, or incorporating any such Confidential Information, which paper and electronic documents may be retained by the receiving party, are treated as if the Confidential Information had originally been designated Confidential, and (ii) to ensure such Confidential Information is not further disclosed except in accordance with the terms of this Protective Order.

17. In the event that a Party or non-party produces two or more identical or substantially identical copies of a document or other Information, and any copy is designated Confidential while

other copies are not so designated, all such identical or substantially identical documents or other Information shall be treated as Confidential once notice is given of the inconsistent designation. Any Party that becomes aware of the inconsistent designation shall be responsible for giving notice of such inconsistent designation.

18. Inadvertent disclosure of any Information produced in response to a discovery request in the Litigation that a Party or non-party claims should have been withheld on grounds of privilege, including, for example, the attorney-client privilege or the work product doctrine (collectively referred to hereinafter as "Inadvertently Disclosed Information"), will not be deemed to have waived any such privilege as to the Information itself or the subject matter of that information solely because of the inadvertent disclosure.

19. The procedure for handling Inadvertently Disclosed Information shall be as follows:

   (a) A Producing Party may request the return of Inadvertently Disclosed Information by giving notice to each party to which it produced such Information identifying such Information and stating the basis for its privilege assertion ("Notice of Recall");

   (b) In the event that only part of the Inadvertently Disclosed Information is claimed to be privileged or protected, the Producing Party asserting inadvertent disclosure shall furnish to the parties to which it produced the Inadvertently Disclosed Information a redacted copy of such information, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice;

   (c) Upon receipt of the Notice of Recall, a party shall use reasonable efforts to promptly destroy or return to the Producing Party asserting inadvertent disclosure all copies of the Inadvertently Disclosed Information and refrain from reviewing the same for any purpose. If a receiving party has already disclosed the Inadvertently Disclosed Information, that receiving party must take commercially reasonable efforts to retrieve all copies of the Inadvertently Disclosed Information and either destroy or return such materials to the Producing Party asserting inadvertent disclosure;

(d) Within five (5) business days of receipt of the Notice of Recall, a party contesting application of the privilege must give written notice to the Producing party. Notwithstanding anything to the contrary herein, a party contesting application of privilege may retain and use for purposes of resolving the dispute pursuant to these provisions a copy of the materials subject to the Notice of Recall;

(e) Within five (5) business days of a party giving notice that the party is contesting privilege or some other date as may be mutually agreed upon between the parties, the parties shall meet and confer regarding the privilege claim;

(f) If, after compliance with the foregoing steps (a) through (e), a party contesting application of the privilege concludes that it still disputes the validity of the claim of privilege, it may bring the matter to the Court's attention under Local Civil Rule 37.2 within (i) five (5) days after the parties' meet and confer; or (ii) five (5) days after a party's request for a meet and confer, in the case that the meet and confer does not timely occur; or (iii) such other time period as to which the applicable parties and/or non-parties have agreed in writing; or (iv) such time required pursuant to a Court order;

(g) If the recall of the Inadvertently Disclosed Information is made during the taking of a deposition or shortly before the occurrence of a deposition, the examining counsel, defending counsel, and counsel for the Producing Party shall meet and confer in good faith at the earliest possible opportunity and in any event prior to the conclusion of the deposition to determine appropriate steps under the circumstances. In the event the parties cannot agree to the appropriate steps under the circumstances, the Inadvertently Disclosed Information shall not be used at the deposition. In the event the claim of privilege is withdrawn or the Court determines the Inadvertently Disclosed Information not to be subject to a valid claim of privilege after the deposition has concluded, the deponent is subject to being deposed on the Inadvertently Disclosed Information in question;

(h) If a request for an informal conference pursuant to Local Civil Rule 37.2 has been denied or the discovery dispute has not been resolved as a consequence of such conference, no party moving the Court for an Order compelling production of the material shall assert as ground for entering such an Order that the Producing Party waived any privilege because of the inadvertent disclosure.

**CHALLENGES TO CONFIDENTIAL DESIGNATIONS**

20. No party shall be obligated to challenge the propriety of a designation of Information as Confidential Information when initially received, and a failure to do so shall not

9

preclude a subsequent challenge thereto, nor shall a Producing Party contend that any delay by the receiving party in objecting to the Producing Party's Confidential designation either (a) lends support to the Producing Party's designation or (b) invalidates or diminishes the receiving party's objection to the Confidential designation for any such materials or information.

21.     If, at any time, a party objects to the designation of Information as Confidential Information, the objecting party shall notify the Producing Party in writing. Within seven (7) days of the receipt of such notification, counsel for the Producing Party and the objecting party shall meet and confer in an effort to resolve the objection. If the parties cannot resolve their disagreement, the objecting party may seek appropriate relief pursuant to the Court's Individual Rules for resolving discovery disputes. Until the dispute is resolved, the designated material shall be treated as Confidential Information under this Stipulation.

### **USE OF CONFIDENTIAL INFORMATION IN COURT**

The following provisions govern the treatment of Confidential Information as a basis for adjudication of matters or proceedings with the Court.

22.     If Information (including portions of deposition transcripts) designated as Confidential is to be included in any papers filed with the Court, such papers shall be labeled "Confidential – Subject to Protective Order" and the Producing Party shall seek leave of the Court to file such materials under seal pursuant to the Honorable Vincent L. Briccetti's Individual Rule of Practice 3.B., as well as in accordance with the Court's Local Rules and CM/ECF procedures.

23.     Where possible, only Confidential portions of filings with the Court are to be filed under seal. If any party desires to refer to, or include, Confidential Information in a brief, motion, or other Court filing, that party may confer with counsel for the Producing Party about any such references, in an effort to reach an agreement that will make filing under seal unnecessary.

24.     This Protective Order does not address the use of Confidential Information during court proceedings in the Litigation (including hearings or trials). In advance of any court proceeding during which Confidential Information might be disclosed (including through the presentation of evidence or argument), counsel shall confer concerning potential procedures for protecting the confidentiality of such Confidential Information (including documents and transcripts used in the course of any court proceedings), and such Confidential Information may only be disclosed during such court proceedings in accordance with such steps (if any) as the Court may order, upon motion of the Producing Party or Parties. Provided that a Party follows the procedures set forth herein, in the event that any Confidential Information is used in any court proceeding in the Litigation or any appeal therefrom, such Confidential Information shall not lose its status as Confidential through such use.

## **PROCEDURES UPON TERMINATION OF LITIGATION**

25.     All provisions of this Protective Order restricting the use of Information obtained during discovery shall continue to be binding after the conclusion of the Litigation, including settlement or judgment and all appeals, until further order of the Court, unless the parties agree otherwise in writing, and except to the extent necessary for counsel to defend its conduct if such conduct is challenged in a collateral or pending action. Any and all originals and copies of documents or other Information deemed to be Confidential shall, at the request of the Producing Party, be destroyed or (at the expense of the Producing Party) be returned to the Producing Party, within 60 days after a final judgment and all appeals herein, or settlement of the Litigation (whichever is latest), except that outside counsel for each party may maintain in its files copies of each pleading and litigation document filed with this Court, each written discovery request and written response thereto, deposition transcripts or exhibits thereto, designated trial exhibits, or copies of documents filed with this Court that contain Confidential Information. If the receiving

party elects to destroy the Information rather than return it, the receiving party shall provide the Producing Party written certification that the destruction has been completed using commercially reasonable efforts.

26. Any Confidential Information in the possession, custody, or control of Defendants' insurance carrier, State Farm Fire & Casualty Company ("State Farm"), shall be destroyed at the earliest date that permits State Farm to comply with its retention obligations under applicable insurance regulations, including antifraud regulations; any evidentiary hold orders in connection with other litigation; statutory requirements, including applicable statutes of limitations; and State Farm's regular business practices for destruction of documents. Confidential Information retained by State Farm shall continue to be subject to the protections provided by this Protective Order and all restrictions in this Protective Order regarding the use by State Farm of anything contained in or obtained from the Confidential Information shall continue even after such Confidential Information is returned or destroyed.

27. There is no requirement for the return or destruction of Confidential Information that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archival system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Confidential Information on backup storage media must continue to be treated in accordance with the Protective Order.

28. The provisions of this section do not create an obligation to return or destroy attorney work produce or attorney-client communications that contain or reflect Confidential Information. Nothing in this section shall limit the right, if any, of any party or non-party to object to, and seek a ruling of the Court concerning, a party's retention of any Information produced. To the extent any person or entity retains copies of Confidential Information pursuant to the terms of this section, such Confidential Information shall continue to be subject to the protections provided

by this Protective Order. In addition, all restrictions in this Protective Order regarding the use by any person or entity of anything contained in or obtained from the Confidential Information shall continue even after such Confidential Information is returned or destroyed.

## **MISCELLANEOUS**

29. Producing or receiving Confidential Information pursuant to, or otherwise complying with the terms of, this Protective Order shall not:

(a) with regards to a receiving party, operate as an admission that any particular Information contains or reflects Confidential Information;

(b) prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular Information deemed by any party to be Confidential Information;

(c) prejudice in any way the rights of any party to object to the relevancy, authenticity, or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(d) prejudice in any way the rights of any party to seek a determination by the Court whether any Information, whether Confidential or not, should be subject to the terms of this Protective Order;

(e) prejudice in any way the rights of any party to petition the Court for a further protective order relating to any Confidential Information;

(f) prejudice in any way the rights of any party to move the Court to broaden or restrict the right of access to and use of particular Information;

(g) prevent the parties to this Protective Order from agreeing to alter or waive the provisions of protections provided for herein with respect to any particular Information; or

(h) be construed as an agreement by any person or entity to produce or supply any document, or as a waiver by any person or entity of its right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

30. The Parties shall serve a copy of this Protective Order simultaneously with any discovery request made to any non-party in the Litigation.

31. If any person receiving documents covered by this Protective Order (the "Subpoenaed Person") is subpoenaed in another action or proceeding or is served with a document demand or other request under law (a "Subpoena"), and such Subpoena seeks Confidential Information designated as Confidential by someone other than the Subpoenaed Person, the Subpoenaed Person must (i) give written notice within five (5) business days after receipt of such subpoena, to those who designated the Information Confidential, and (ii) except as ordered otherwise by a court of competent jurisdiction, refrain from producing any Confidential Information in response to such a Subpoena until the earlier of (a) receipt of written notice from the Producing Party that such party does not object to production of the Confidential Information or (b) resolution of any objection asserted by the Producing Party either by agreement or by order of a court with jurisdiction over the objection of the Producing Party. The burden of opposing the enforcement of the Subpoena shall fall solely upon the party who designated the Confidential Information. Notwithstanding the foregoing, unless the Producing Party submits a timely objection seeking an order that the subpoena need not be complied with, and serves such objection upon the Subpoenaed Person in writing before the production date required by the subpoena, the Subpoenaed Person will be permitted to produce documents responsive to the subpoena on the subpoena response date.

32. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

33. This Protective Order may be changed only by further agreement of all parties in writing or by order of the Court, and is without prejudice to the rights of any party to seek modification of this Protective Order by application to the Court on notice to the other parties hereto.

34. Nothing in this Protective Order precludes any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

35. This Protective Order may be signed by fax or PDF signature and may be signed in one or more counterparts, each of which will be deemed to constitute an original, but all of which together constitute one agreement.

**IT IS SO STIPULATED.**

Dated: June 17, 2020

| | |
|---|---|
| **CADWALADER, WICKERSHAM & TAFT LLP** | **GOLDBERG, MILLER & RUBIN, P.C.** |
| _____ | _____ |
| Todd Blanche | Warren Holland, Esq. |
| J. Robert Duncan III | |
| Hyungjoo Han | 1501 Broadway, Suite 715 |
| Marshall Jones (admitted pro hac vice) | New York, NY 10036 |
| | Tel.: (646) 863-1531 |
| 200 Liberty Street | Fax: (929) 214-4181 |
| New York, NY 10281 | wholland@gmrlawfirm.com |
| Tel.: (212) 504-6000 | |
| Fax: (212) 504-6666 | |
| Todd.Blanche@cwt.com | |
| Robert.Duncan@cwt.com | |
| Hyungjoo.Han@cwt.com | |
| Marshall.Jones@cwt.com | |
| *Attorneys for Plaintiffs Timothy and Ashley Ashcraft and A.A., L.A., and I.A.* | *Attorney for Defendants, Scott Goren and Becky Vanderloop* |

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

Dated: 6/17/2020
New York, New York

_____
Honorable Vincent L. Briccetti
United States District Judge

15

# EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I hereby certify that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of New York in the case of *Ashcraft et al. v. Goren et al.*, Case No. 7:19-cv-11568 (the "Order"). I agree to comply with and to be bound by all terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct and that this certification is executed this _____ day of _____ in the year _____.

By: _____

Address: _____

_____

Phone: _____